```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                               **CRIMINAL NO. 1:21-CR-43**
                                                              **(KLEEH)**

**JOENELL L. RICE,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

On May 20, 2022, the day of the pretrial conference, Defendant Joenell L. Rice ("Defendant") filed a motion to dismiss the Indictment, asserting that the Government presented false and misleading testimony to the grand jury. The Court heard arguments on the issue during the pretrial conference and received exhibits. The parties confirmed that Brandon Flower, the lead Assistant United States Attorney on the case, had been served with a subpoena.[1]

On May 23, Defendant filed a memorandum in law in support of the motion to dismiss. The same day, the Government filed a response in opposition and a motion to quash the subpoena. The Court scheduled an evidentiary hearing on the motion to dismiss

---

[1] Defendant's counsel sought testimony from Mr. Flower to establish that he had viewed certain video footage before presenting the matter to the grand jury. As discussed below, counsel believed that the video evidence was diametrically opposed to the testimony presented to the grand jury.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

for May 25. As the Court discussed with the parties during the hearing on May 25, and for the reasons discussed herein, the motion to dismiss is **DENIED** and the motion to quash is **GRANTED**.

## I.   THE INDICTMENT

On September 8, 2021, the grand jury returned a two-count Indictment, charging Defendant, who was an inmate at United States Penitentiary Hazelton ("Hazelton"), with (I) Voluntary Manslaughter, in violation of 18 U.S.C. §§ 7(3) and 1112(a) & (b); and (II) Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 7(3) and 113(a)(6). The Government alleges that Defendant assaulted and killed his cellmate, "D.G.," in the Special Housing Unit ("SHU") by striking him in the head multiple times. Defendant has indicated that he plans to assert a claim of self-defense.

## II.   FACTUAL BACKGROUND

The Government's theory is that the manslaughter and assault took place within Defendant's SHU cell. In discovery, the Government produced a video containing surveillance footage from the hallway outside of the cell. Defendant asserts that the video footage and a correctional officer statement from May 2022 are diametrically opposed to the testimony presented to the grand jury in September 2021.

Correctional Officer Patrick Reamy ("Reamy") filled out a

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

report on October 20, 2017, the day of the incident. Special Investigative Services Technician Jason Barclay ("Barclay") was the only individual to testify to the grand jury, and his testimony was based, in part, on Reamy's report. The following undisputed timeline guides the Court:

- September 8, 2021. The grand jury returned the Indictment. The grand jury was presented with the following testimony from Barclay:

    Q. And did he see the beginning of that incident?

    A. He did.

    Q. And immediately prior to the assault occurring, was he speaking with Inmate Rice?

    A. Yes, I believe so.

    Q. The assault, was it unprovoked?

    A. Unprovoked, yes.

    Q. So Inmate Rice just turned and started striking Inmate Gentry in the face?

    A. Correct.

- January 12, 2022. The Government produced its initial Rule 16 discovery disclosure to counsel for Defendant. The disclosure included Reamy's report and the video footage.

- May 5, 2022. The parties spoke about a possible plea resolution. Counsel for Defendant expressed his belief that the video contradicted statements in Reamy's report concerning the initial moments of the assault. Counsel for Defendant proposed a plea agreement to involuntary manslaughter, and counsel for the Government advised that he would consider it.

Case 1:21-cr-00043-TSK-MJA   Document 72   Filed 05/27/22   Page 4 of 10   PageID #: 322

**USA V. RICE**                                                                                           **1:21-CR-43**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

- <u>May 11, 2022</u>.  Counsel for the Government spoke with Reamy on the telephone.  Barclay was with Reamy at the time.  Counsel did not advise Reamy about Defendant's counsel's concerns.  Counsel questioned Reamy about his recollection of the incident.  Reamy provided information about the initial moments of the assault that was not consistent with his report.

  In pertinent part, during the telephone conversation, Reamy stated that he walked to the next cell to serve lunch trays, heard commotion, and went back to Defendant's cell.  When he looked inside the cell, he saw Defendant standing over D.G., striking him.  This is inconsistent with his original report, which indicated that he saw the beginning of the alleged assault.

- <u>May 19, 2022</u>.  Counsel for the Government sent a <u>Brady</u>[2] email to Defendant's counsel containing a summary of the telephone interview with Reamy.

- <u>May 20, 2022</u>.  Defendant filed the motion to dismiss.

Central to this dispute is the content of the video footage.  Defendant contends that it would be impossible for a prosecutor to watch the video and believe that the testimony presented to the grand jury was truthful.  After reviewing the video multiple times, the Court disagrees.

The video shows Reamy walking down the hallway, delivering food to cells in the SHU.  He places food in Cell 113, which is Defendant's cell.  He then moves to the next cell, which is, at most, a few feet away.  Reamy then returns to Defendant's cell

---

[2] <u>Brady v. United States</u>, 373 U.S. 83 (1963).

Case 1:21-cr-00043-TSK-MJA   Document 72   Filed 05/27/22   Page 5 of 10   PageID #: 323

**USA V. RICE**                                                              **1:21-CR-43**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

and interacts with someone in the cell. Reamy again moves to the adjacent cell, but while delivering food to the adjacent cell, he repeatedly looks back at Cell 113. He then radios for help, and multiple correctional officers respond. OC spray is deployed. Defendant is handcuffed and removed from the cell. D.G. is then dragged from the cell, apparently unconscious.

### III. MOTION TO DISMISS

Pursuant to 18 U.S.C. § 1621, an individual is guilty of perjury if he,

> having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true[.]

An individual is also guilty of perjury if he, "in any declaration, certificate, verification, or statement under penalty of perjury . . . willfully subscribes as true any material matter which he does not believe to be true[.]" Id. Further, "[w]hoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or uses other information, including any book, paper, document, record, recording, or other material,

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

knowing the same to contain any false material declaration," has committed a federal crime. 18 U.S.C. § 1623(a).

It is axiomatic that a defendant is denied due process when the prosecution knowingly uses perjured testimony or allows untrue testimony to go uncorrected. See Giglio v. United States, 405 U.S. 150, 153-54 (1972). "Perjured testimony is an obvious and flagrant affront to the basic concepts of judicial proceedings. Effective restraints against this type of egregious offense are therefore imperative." United States v. Mandujano, 425 U.S. 564, 576 (1976). When a defendant shows (1) that the testimony was false; (2) that the prosecution knew the testimony was false; and (3) that the testimony was material, that defendant's right to due process has been impermissibly aggrieved. See Creel v. Johnson, 162 F.3d 385, 391 (5th Cir. 1998).

When the perjury occurs in the context of a grand jury proceeding, dismissal of an indictment can be the appropriate remedy. See United States v. Williams, 504 U.S. 36, 46 n.6 (listing a violation of 18 U.S.C. § 1623 is an example of an action that would justify dismissal of an indictment). "To be sure, a violation must be clearly established before dismissal may be contemplated." United States v. Mechanik, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring in judgment).

The district court may not dismiss an indictment for errors

Case 1:21-cr-00043-TSK-MJA   Document 72   Filed 05/27/22   Page 7 of 10   PageID #: 325

**USA V. RICE**                                                                 **1:21-CR-43**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

in grand jury proceedings unless the errors prejudiced the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 255-56 (1988). The prejudicial inquiry must focus on whether the violations had an effect on the grand jury's decision to indict: dismissal is appropriate "only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id.

In Costello v. United States, the Supreme Court held that defendants may not "challenge indictments on the ground that they are not supported by adequate or competent evidence." 350 U.S. 359, 363-64 (1956). The Court explained,

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Id. at 363.

The Court finds, as it stated during the hearing on May 25,

Case 1:21-cr-00043-TSK-MJA   Document 72   Filed 05/27/22   Page 8 of 10   PageID #: 326

USA V. RICE                                                          1:21-CR-43

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

that the video does not create an impossibility that the grand jury testimony was truthful. The video is subject to multiple interpretations, one of which is that Reamy <u>could</u> see what was occurring in Cell 113 when the alleged assault began. Reamy continued to turn his head toward Cell 113 when he had moved to the adjacent cell. The adjacent cell was also in very close proximity to Cell 113. Defendant's counsel has much to work with on cross examination, to be sure, but it is not a foregone conclusion that Reamy could not see the alleged assault. Reamy's inconsistent statement on May 11, 2022, is further cross-examination fodder for Defendant's counsel. This statement, eight months after the grand jury indicted Defendant and over four years after Reamy wrote his incident report, does not prove that the prosecutor knowingly provided false information to the grand jury. The Court finds no clear violation by the prosecutor that would warrant dismissal of the Indictment.

In addition, the Court finds that the grand jury would have had probable cause to indict Defendant on both counts even without Barclay's testimony regarding the beginning of the incident. The Government presented evidence to the grand jury that Defendant did not stop striking D.G. after D.G. was unconscious on the ground; that Defendant failed, until OC spray was deployed, to comply with officers' orders instructing him to stop; that Barclay overheard

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

Defendant say that he could not live with D.G. because he was a "homo"; that at USP Allenwood, Defendant claimed that he only struck D.G. twice; and that the Bureau of Prisons found no evidence of reports by Defendant of threats from D.G.

Defendant has not established that Barclay's testimony about the beginning of the incident substantially influenced the grand jury's decision to indict. See Bank of Nova Scotia, 487 U.S. at 255-56. The Court does not have grave doubt that the decision to indict was free from any substantial influence of the testimony. See id. Because the grand jury had probable cause to charge Defendant regardless, Defendant was not prejudiced by the testimony relating to the beginning of the incident. The motion to dismiss is denied because there was no clear violation by the prosecutor, and even if there were, it was not sufficiently prejudicial to warrant dismissal of the Indictment.

## IV. MOTION TO QUASH

Given that the Court has denied the motion to dismiss, and Mr. Flower's testimony was unnecessary in reaching that decision, the Court finds that the subpoena for Mr. Flower is unreasonable and oppressive pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure and grants the motion to quash the subpoena.

Case 1:21-cr-00043-TSK-MJA Document 72 Filed 05/27/22 Page 10 of 10 PageID #: 328

USA V. RICE                                                    1:21-CR-43

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS [ECF NO. 47] AND GRANTING MOTION TO QUASH SUBPOENA [ECF NO. 60]**

## V. CONCLUSION

For the reasons discussed above, and for the reasons discussed during the hearing on May 25, the motion to dismiss is **DENIED** [ECF No. 47], and the motion to quash is **GRANTED** [ECF No. 60]. It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: May 27, 2022

*/s/ Tom S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA